BENNIE MILAM v. STATE.

No. A-4196.    Opinion Filed Dec. 30, 1924.

(231 Pac. 326.)

(Syllabus.)

Appeal and Error—Affirmance Where Appellant Files no Brief nor Appears. In a felony conviction, where no brief is filed and no appearance made to orally argue the cause, the court will carefully examine the record, including the transcript of the evidence, and, if no prejudicial error appears and the evidence is sufficient, the judgment will be affirmed.

Appeal from District Court, Rogers County; C. W. Mason, Judge.

Bennie Milam was convicted of robbery, and he appeals. Affirmed.

De Graffenreid & De Graffenreid, for plaintiff in error.

The Attorney General, for the State.

MATSON, P. J. The plaintiff in error, Bennie Milam, was jointly charged with one Blackie Long in the district court of Rogers county with the crime of robbery alleged to have been committed by them on the 15th day of April, 1921, by robbing one R. R. Henderson, agent of the Missouri Pacific & Iron Mountain Railway Company in the city of Claremore, Okla.

The petition in error and case-made were filed in this court on the 6th day of February, 1922, and the cause was finally submitted on the record on the 6th day of October, 1924. No brief has been filed in behalf of plaintiff in error and no appearance was made to orally argue the cause.

This being an appeal from a judgment of conviction for a felony, the court has carefully examined the record, including the transcript of the evidence, in connection with the errors assigned. The evidence on the part of the state is sufficient, if believed, to sustain the conviction. The only serious question in the evidence is its sufficiency to identify the plaintiff in error as one of the persons who robbed the station agent of the Missouri Pacific Railway Company at Claremore, Okla., on the date alleged. The said agent positively identified this plaintiff in error as one of those engaged in said robbery. The defense interposed was an alibi; plaintiff in error contending that he was at the time of the robbery in his room at a rooming house about a block and a half distant

from the place where the robbery occurred. This apparent conflict in the evidence was for the decision of the jury. The information sufficiently charges the offense; the instructions were fair and covered the law of the case; and no reversible error appears to the court upon the examination of the entire record. It is the opinion of the court, therefore, that the judgment should be affirmed, and it is so ordered.

BESSEY and DOYLE, JJ., concur.